521 S.E.2d 743

The STATE, Respondent,

v.

Robert KEESEE, Petitioner.

No. 25006.

Supreme Court of South Carolina.

Heard Feb. 4, 1999.
Decided Oct. 11, 1999.

Robert Marshall Jones, of Rock Hill; and Jay Bender, of Baker, Barwick, Ravenel & Bender, L.L.P., of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Caroline Tiffin, all of Columbia; and Solicitor John R. Justice, of Chester, for respondent.

PER CURIAM:

We granted certiorari to consider the decision of the Court of Appeals reported at 327 S.C. 627, 490 S.E.2d 626 (Ct.App. 1997). We now reverse.

The dispositive issue in this appeal is whether the Catawba combination license issued to Catawba Indians pursuant to the terms of the Catawba Indian Claims Settlement Act[1] (Claims Act) is the functional equivalent of a "combination hunting and fishing license" or of a "sportsman license."[2] If the Catawba combination license is the equivalent of a sportsman license, then petitioner's magistrate's court conviction for hunting on a wildlife management area (WMA) without a WMA permit must be overturned because a sportsman license includes the privilege of hunting on a WMA. The magistrate held, however, that the Catawba license was limited to the privileges associated with the regular combination license, which requires one to purchase a separate WMA permit in order to hunt on those lands, and convicted petitioner. The magistrate's ruling was upheld on appeal to the circuit court and to the Court of Appeals. We, however, disagree with this construction of the scope of the Catawba combination license.

There is no statute authorizing the Catawba combination license, or defining its limits. It is the creation of the Department of Natural Resources in response to the Claims Act's mandate that:

Hunting and fishing, on or off the Reservation, must be conducted in compliance with the laws and regulations of South Carolina. Members of the Tribe are subject to all state and local regulations governing hunting and fishing on and off the Reservation. **However, for ninety-nine years following the effective date of this Chapter, members of the Tribe are entitled to personal hunting and fishing licenses without payment of fees.**

S.C.Code Ann. § 27–16–120(E) (emphasis added).

---

**1.** S.C.Code Ann. §§ 27–16–10 et seq. (Supp.1998).

**2.** At the time this case arose, the combination hunting and fishing license was codified at S.C.Code Ann. § 50–9–10 and the sportsman license was found at S.C.Code Ann. § 50–9–15. In 1996, the licensing statutes were substantially revised and the relevant language is now found at S.C.Code Ann. § 50–9–510 (Supp.1998).

We hold that the clear intent of the Claims Act was to extend full hunting and fishing rights to members of the Catawba Tribe without charge. Accordingly, we find that the Catawba combination license confers the same benefits on its holders as those conferred by the sportsman license. It follows, therefore, that petitioner is not guilty of hunting without the requisite permits. His conviction and sentence are

**REVERSED.**